IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| H & C Corporation, Inc. | ) | C.A. No.: 4:12-00013-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Puka Creations, LLC and | ) | |
| Robert Puka, | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

Pending before the Court are Defendants' Motion to Set Aside Default, ECF No.12; Defendants' Motion for Leave to File Answer, ECF No. 13; and Plaintiff's Motion for Default Judgment, ECF No. 18.

The Court may set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure on a showing of good cause. The rule should be construed liberally "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413 (4th Cir. 2010). The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether the defendant has a meritorious defense. *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245 (4th Cir. 1974). A meritorious defense is shown where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. *Moradi*, 673 F.2d 725. The court may also consider whether or not the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *Lolatchy*, 816 F.2d at 953.

Considering this standard and after careful review of the arguments made by counsel for the defendants, the Court finds that the defendants have shown good cause and that they should be granted relief. The docket reflects that service was effected on the defendants on January 4, 2012 and that the deadline for filing an answer was extended until March 23, 2012. Defendants have presented the affidavit of their California attorney, Perry Clark, who states that he was negotiating with counsel for the plaintiff between the time of service and March 23, 2012. In ¶ 12 of his affidavit, he further states:

> I did not file an answer or otherwise plead in response to H&C's complaint on March 23, 2012 because I had been working diligently to obtain the additional information requested by Mr. Klett (plaintiff's counsel) and I believed that I would be able to provide it to him within a few days of March 23, 2012. Based on my prior discussions with Mr. Klett, I believed that the information I was expecting to provide to him would allow our discussions to move forward productively or, if not, that the parties could agree on a date for Puka to respond to H&C's complaint after H&C had a chance to review the information provided by Puka.

(ECF No. 12-2, p.3).

The defendants have presented a potentially meritorious defense, that Plaintiff's jewelry designs were copies from the public domain, in Asia, where they had been available for many years prior to Plaintiff's claimed date of first publication. The defendants acted promptly to set aside the default by motion filed on April 17, 2012, after being sent a copy of the request for entry of default on March 27, 2012. There is no showing of prejudice to the plaintiff other than delay in the prosecution of the lawsuit. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)("As to prejudice, we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory.") Interestingly, no request for preliminary injunctive relief has even been filed. Here, the defendants bear no personal responsibility for the default, where they promptly retained counsel to handle the matter.[1] Less drastic sanctions are available in the form of an award of attorney's

---

[1] Plaintiff contends that the defendants failed to produce documentation to their attorney and that they therefore bear personal responsibility for the default. The Court disagrees. In spite of any

fees. The Court finds that Defendants should pay Plaintiff's attorney's fees and costs in responding to the defendants' motion to set aside default and in preparing its motion for default judgment and reply. The Court finds that the payment of fees and costs is equitable under the circumstances and is less drastic than a default judgment.

Defendants' Motion to Set Aside Default and Motion for Leave to File an Answer are GRANTED. Plaintiff's Motion for Default Judgment is DENIED. Defendants shall file their responsive pleadings to the Complaint within seven (7) days of entry of this order. Additionally, the Court directs Plaintiff's counsel to file by November 26, 2012 an affidavit of fees and costs, including his hourly rate. Any response to the amount requested should be filed by November 29, 2012.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

November 15, 2012
Florence, South Carolina

---

failure on the part of the defendants to provide documents to counsel, counsel still must bear the responsibility for failing to file a timely Answer.