IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| H&C Corporation, Inc., | ) | Civil Action No. 4:12-cv-00013-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Puka Creations, LLC and | ) | |
| Robert Puka, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is [27] Application for Attorneys' Fees by Plaintiff H&C Corporation, Inc. In the Court's order granting Defendants' Puka Creations, LLC and Robert Puka's Motion to Set Aside Default and Motion for Leave to File Answer, the court found that less drastic sanctions than entry of a default judgment were available in the form of an award of attorney's fees. The Court ordered Plaintiff's counsel to file an affidavit of fees and costs, including the hourly rate. Plaintiff timely filed an application for attorney's fees totaling $9,437.00, and Defendant filed a Response. Plaintiff then filed a Reply.

Upon finding that an award of attorney's fees is appropriate, the Court must determine whether the requested amount is reasonable. Under the "lodestar" formula, the Court should multiply the number of hours reasonably expended by counsel by a reasonable hourly rate. *See Child Evangelism Fellowship of South Carolina*, 2007 WL 1302692 (D.S.C. 2007). In determining reasonableness, the Court shall analyze the twelve factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). Those twelve factors are "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the

customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Although the Court must consider all twelve factors, it is not required to apply them rigidly; some factors may affect the amount of the fee awarded in a given case. In determining whether a requested rate is reasonable, the Court should consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

In the case at bar, the plaintiff initially provided the Court with an affidavit of attorney William Klett who indicated that his billing rate is $450 per hour and that he spent a total of 13.7 hours in connection with the default pleadings. He further indicated that an associate spent 5 hours at a rate of $265 and an attorney who is counsel at the firm invested 5.9 hours at the rate of $330 per hour. He indicated that no costs were incurred. No detailed descriptions of the work were given.

In their response, Defendants asserted that the petition should be denied on the basis that it did not comply with the requirement of Local Rule 54.02 that petitions for attorney's fees should comply with the requirements set forth in *Barber*. In addition, they contended that the amount requested is excessive.

Plaintiff then filed a Reply and attached a supplemental affidavit. This affidavit by special counsel Sara Kanos indicates that the firm incurred costs of $30.58 including computerized legal research. This affidavit also itemizes how the three attorneys' time was spent.

Here, there is no need for the Court to evaluate whether any *Barber* factors "weigh against

H&C's request for fees" because this Court already found that fees should be awarded as a less drastic sanction for the failure to file a timely answer. The Court has evaluated the other *Barber* factors and concludes that the appropriate hourly rate is $265 per hour. This is the hourly rate of the litigation associate who worked on the case and is consistent with the Court's knowledge of hourly rates for other attorneys in the community. While attorneys Klett and Kanos have expertise in the intellectual property field and may command a higher hourly rate for work that requires that expertise, the Court believes that an hourly rate of $265 is appropriate for the type of legal work performed and for which an award is being made. The work performed in this case relating to the defendant's default does not require special skill in the intellectual property law area in the opinion of the Court. The Court further finds that the number of attorney hours requested is reasonable.

Based on the information provided, the Court awards attorney's fees to the plaintiff in the amount of $6,519.00 (24.60 hours @ $265 per hour) plus costs in the amount of $30.58 for a total award of $6,549.58.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

May 24, 2013
Florence, South Carolina